# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-40484

United States Court of Appeals
Fifth Circuit

**FILED**

February 24, 2020

Lyle W. Cayce
Clerk

MICHAEL WILFRED LAFLAMME,

Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:18-CV-134

Before HIGGINBOTHAM, SOUTHWICK, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Michael Wilfred LaFlamme, Texas prisoner # 02045009, was convicted of intoxication assault with a deadly weapon and sentenced to serve 16 years in prison. Now, following the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition, he moves this court for a certificate of appealability (COA) on claims concerning juror bias, evidentiary issues, amendment of the indictment, and the denial of his motion for a new trial. His motions to file a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40484

supplemental document and to file a brief in excess of the page limit are GRANTED.

A prisoner will receive a COA only if he "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). One "satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. Because LaFlamme fails to make the required showing with respect to the above-listed claims, his COA motion is DENIED. *See id.*

Finally, LaFlamme contends that the district court erred by denying his § 2254 petition without conducting an evidentiary hearing. He is not required to obtain a COA to appeal the denial of an evidentiary hearing; therefore, to the extent he seeks a COA on this issue we construe his COA request "as a direct appeal from the denial of an evidentiary hearing." *Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016). Because LaFlamme's substantive claims fail, we need not address the merits of his evidentiary hearing claim. *See id.* The district court's denial of an evidentiary hearing is AFFIRMED.